REGAN, Judge.
The plaintiff, Bernell Farria, filed this suit against the defendant, Edward C. Pratt, endeavoring to recover the sum of $282.15 representing damage to his automobile incurred when the defendant backed into his vehicle which was being operated by his wife when the accident occurred.
The defendant answered and denied that he owed $282.15 for the repair of the automobile. He then asserted that the accident was caused by the negligence of Jacqueline Farria, the plaintiff’s wife, and alternatively, he pleaded the contributory negligence of the plaintiff, insisting that Mrs. Farria was his agent and her negligence was imputed to him.
From a judgment in favor of the plaintiff as prayed for, the defendant has prosecuted this appeal.
The record discloses that on October 9, 1967, Jacqueline Farria was driving from the lake toward the river on Lafreniere Street, and prior to reaching its intersection with Hamburg Street, she slowed, looked in both directions, and observing no vehicles approaching, proceeded to traverse these roadways at a speed of 20 miles per hour. When she reached the approximate center thereof, the left front of her car was struck by the rear of the defendant’s vehicle as the result of his backing from Hamburg Street into the intersection; hence, the damages which form the subject matter of this litigation.
Farria, the plaintiff herein, was employed by a service station when the accident occurred, and since he had access to repair equipment and could perform much of the work himself, he estimated the cost thereof would amount to approximately $100.00. He endeavored for several months to persuade the defendant to pay him this amount, and after his final refusal, the plaintiff consulted his attorney, who addressed a demand letter to the defendant, and when no remittance was forthcoming, an estimate of $282.15 was obtained on December 26, 1967, from Curtis Auto Repairs, and thereafter this suit was filed.
The testimony of Curtis Austin, who made the estimate for Curtis Auto Repairs, is somewhat in conflict as to whether repairs were to be made to the left front or left rear of the vehicle. However, Curtis explained that a long time had elapsed since he made his estimate, and the written estimate states that the work was to be done on the left quarter panel, left front bumper, hood, fender and door. He could not state with certainty the length of time that the damage had been present, but he did say that it was caused by one accident only, and that he presumed it was from the one occurring on October 9, 1967. No evidence was offered to prove the occurrence of any other accident.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the version of the plaintiff’s wife of the manner in which the accident occurred, and therefore, concluded that she was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the defendant in backing from Hamburg into Lafreniere Street without maintaining a proper lookout and without exercising that degree of care required of an individual who is engaged in the maneuver of backing a motor vehicle.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and *617 unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or be endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted the version of the plaintiff’s wife and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is therefore correct.
For the foregoing reasons, the judgment of the trial court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.